IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM FRANKLIN DOBROVOLNY,

       Plaintiff,                 No. CIV S-03-2244 FCD GGH P

   vs.

C. K. PLILER, Warden, et al.,

       Defendants.        <u>ORDER</u>

_____/

       Trial in this case is currently set for June 26, 2007, before the Honorable Frank C. Damrell.  Belatedly, defendants have brought a motion, filed on May 10, 2007, to modify the pretrial order.  That motion will be denied for a number of reasons, including dilatoriness.

       The pretrial order was filed on March 31, 2006.  In that order, the following, inter alia, was noted at page one, footnote 1:

> The pretrial conference and trial dates were vacated on September 12, 2005, after plaintiff and defendants had filed their pretrial statements on August 10, 2005 and August 31, 2005, respectively, and while <u>Findings and Recommendations,</u> filed on August 5, 2005, recommending denial of the summary judgment motions by both parties, were pending. The <u>Order</u> adopting the <u>Findings and Recommendations</u> was filed on September 26, 2005.  By order filed on October 3, 2005, the pretrial conference and trial dates were re-set and the parties were informed that they could file amended pretrial statements, and if they did not, the court would proceed on the original pretrial statements.  Neither party filed an

1   amended pretrial statement and the court proceeds on those
    original statements.
2

3          Defendants did not take the opportunity to amend their pretrial statement, as

4   observed in the pretrial order.  Further, the pretrial order notified the parties that they had fifteen

5   days to file objections to the pretrial order and contained the following caveat: "[i]If no

6   objections are filed, the order will become final without further order of this court."  Defendants'

7   counsel, Monica Anderson, has been counsel of record since April of 2006.[1]  Defense counsel

8   filed a supplemental list of exhibits on April 24, 2006, pursuant to the pretrial order.  See Docket

9   entry # 49.  It is evident that counsel, even if newly assigned in April of 2006, was fully aware of

10  the pretrial order, filed, as noted, on the last day of March.

11         Moreover, subsequently, there was a pretrial conference held on September 1,

12  2006, at which defendants could have sought to raise the issue set forth in defendants' present

13  motion, but evidently did not do so.  In addition, defendants contend that this motion is brought

14  "timely" and that they did not discover the new evidence until conducting trial preparation in

15  September through November, 2006.  Defendants assert that "[u]pon realizing the contradictory

16  state of the evidence and the Pretrial Order, Defendants brought this motion."  Motion, p. 8.

17  Nothing in this court's docket of the case indicates that this motion was ever brought until May

18  10, 2007, on the very eve of trial and some six months following the discoveries defendants'

19  counsel finds significant.

20         As set forth in the pretrial order, pp. 1-2: "[t]he remaining defendants in this

21  matter are Correctional Officers Okray, Durant and Howard, all of whom plaintiff, a white

22  inmate, alleges violated his rights under the Eighth Amendment by placing him in a medical

23

24          [1] See declaration of Monica Anderson, ¶1; see also, notice of change of designation of
    counsel for service, docket entry # 48.  Although the pending motion was signed and evidently
    filed by Deputy Attorney General Michele Angus, along with a supporting declaration by Ms.
25  Anderson, there has been no new notice of change of designation of counsel for service filed, Ms.
    Anderson is represented as being the Supervising Deputy Attorney General, and defendants'
26  motion sets forth that Ms. Anderson remains counsel of record.  Motion, pp. 3-4.

1    facility holding cell and failing to protect him from the brutal assault of a third party, a Hispanic

2    inmate named Bonsalo, resulting in serious injuries to plaintiff."

3              The pending motion brought only at this late date seeks to modify the pretrial

4    order as to four of the facts found to be undisputed in the pretrial order, arguing that they are

5    actually disputed material facts for which defendants themselves would seek to offer testimony.

6    The facts which defendants seek to put at issue at this time are based on an investigation

7    apparently conducted long after the time for the filing of pretrial statements:

8              4.  No inquiry was conducted prior to plaintiff's placement in the
                 medical facility holding tank;
9              5.  Inmate Bonsalo, a Hispanic inmate from B-facility, was already in the medical
                 facility holding tank when plaintiff was placed inside.
10             6.  Inmate Bonsalo began hitting plaintiff with a cane in a violent
                 assault soon after plaintiff had been placed in the holding tank.
11             8.  Prior to Bonsalo's attack on plaintiff, there had been racial
                 unrest in the prison which involved white and Hispanic inmates
12               and the prison was on lockdown.

13   Motion, p. 3.

14             The testimony proffered regarding, for example, whether or not inmate Bonsalo

15   was already in the holding cell, shows a dispute among the defendants and other defense

16   witnesses.  Motion, p. 6, and see, Anderson declaration, ¶ 2.  Defendants seek modification of the

17   pretrial order, pursuant to Fed. R. Civ. P. 16(e) and Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir.

18   1998), abrogated on a ground unrelated to the issue herein.  See Moreland v. Las Vegas

19   Metropolitan Police Dept., 159 F.3d 365, 372-373 (9th Cir. 1998).  Notice of Motion, p. 1.

20   Under Rule 16(e), a pretrial order "shall be modified only to prevent manifest injustice."  In

21   Byrd, the Ninth Circuit makes clear that the moving party has the burden to demonstrate that

22   "manifest injustice would result if the pretrial order is not modified."  Byrd, supra, at 1132, citing

23   Clark Drilling Contractors, Inc. v. Schramm, Inc., 835 F.2d 1306, 1308 (10th Cir.1987) ("[t]he

24   burden of establishing injustice falls squarely on the moving party.")

25             As defendants note, four factors are to be considered in determining whether to

26   modify a pretrial order: Motion, p. 7, citing Byrd.  In Byrd, supra, at 1132, where plaintiffs, rather

1 │ than defendants, sought a modification of the pretrial order, the factors are set forth as:

2 │       (1) the degree of prejudice or surprise to the defendants[2] if the
3 │       order is modified; (2) the ability of the defendants to cure any
      prejudice; (3) the impact of the modification on the orderly and
      efficient conduct of the case; and (4) any degree of willfulness or
4 │       bad faith on the part of the party seeking the modification.

5 │       Because defendants have brought their motion so close to the time of trial and

6 │ because it is so patently untimely, and otherwise prejudicial to plaintiff – the party against whom

7 │ the motion is brought – notwithstanding the representations otherwise of defendants, the court is

8 │ compelled to adjudicate without waiting for plaintiff's response.  As to the third and fourth

9 │ factors, the court finds that these also militate in favor of the court's finding that defendants have

10 │ not met their burden to demonstrate manifest injustice should the pretrial order remain

11 │ unmodified.  As set forth, defendants had ample opportunity to raise objections or to otherwise

12 │ make a more timely showing that facts deemed undisputed in the pretrial order should be found

13 │ to be in dispute.  Defendants are represented by counsel; plaintiff is an inmate untrained in the

14 │ law who proceeds pro se.  Defendants' counsel has simply not made an adequate showing to

15 │ warrant the court's modification of the pretrial order at this late stage, modifications that could

16 │ work only to the prejudice of the pro se plaintiff.

17 │       Accordingly, IT IS ORDERED that defendants' belated motion to modify the

18 │ pretrial order, filed on May 10, 2007, is denied.

19 │ DATED: 5/17/07                 /s/ Gregory G. Hollows

20 │                                      UNITED STATES MAGISTRATE JUDGE

21 │ GGH:009/dobr2244.ord

---

24 │      [2] In Byrd, it is the prejudice to the opposing party that is to be weighed.  On the other
hand, in an earlier Ninth Circuit case cited by Byrd,, it is pointed out that part of the prejudice
25 │ analysis should include an evaluation of the degree of prejudice to be suffered by the moving
party "resulting from a failure to modify."  Byrd, supra, citing U.S. v. First Nat. Bank of Circle,
26 │ 652 F.2d 882, 887 (9th Cir. 1981).